IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISOM A. MARSHALL,
    Petitioner,

vs.                               Case No.:  3:05cv207/LAC/EMT

JAMES V. CROSBY, JR.,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5).  Respondent filed a motion to dismiss the petition as untimely (Doc. 11).  Petitioner filed a reply (Doc. 17).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

        Petitioner pleaded nolo contendere to two counts of aggravated stalking in the Circuit Court in and for Escambia County, Florida (*see* Doc. 11, Ex. A at 14).  On August 28, 2001, he was sentenced to concurrent terms of four and one half years of incarceration; however, the sentences were suspended, and he was placed on concurrent terms of five years of probation (*id.* at 14-15, 18-19).  On January 16, 2003, Petitioner pleaded nolo contendere to violating his probation, and on February 26, 2003, the state court revoked his probation and sentenced him to two concurrent terms of four and one half years of incarceration (*id.* at 33-63).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA").  On August 25, 2003, Petitioner

filed a motion for voluntary dismissal of his appeal. *See* <u>Marshall v. State</u>, Case No. 1D03-848, Florida First District Court of Appeal Docket, Docket Entry dated August 25, 2003. The First DCA granted the motion and dismissed the appeal on September 5, 2003. *Id.*, Docket Entry dated September 5, 2003. Petitioner did not seek further review by the Florida Supreme Court or the United States Supreme Court (*see* Doc. 5 at 2).

In September of 2003, Petitioner filed a motion for correction of sentence in the Escambia County Circuit Court, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Doc. 11, Ex. C). The court summarily denied the motion on September 29, 2003 (*id.*, Ex. D). Petitioner did not appeal the decision.

On May 5, 2005, Petitioner filed another post-conviction motion with the trial court seeking modification of his sentence to receive credit for jail time (*id.*, Ex. E). The trial court summarily denied the motion on July 6, 2005 (*id.*, Ex. F). Petitioner did not appeal the decision.

Petitioner filed the instant habeas action on June 2, 2005 (Doc. 1 at 6). He challenges his conviction on four grounds of ineffective assistance of counsel (Doc. 5 at 4-5).

II.  TIMELINESS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's decision.[1] Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In the instant case, the First DCA issued its decision dismissing Petitioner's appeal on September 5, 2003. Petitioner did not seek review in the Florida Supreme Court or in the United States Supreme Court. Thus, Petitioner's one-year limitations period began to run on December 4, 2003, upon expiration of the 90-day period for seeking certiorari review.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that Petitioner filed a state post-conviction motion in September of 2003, and the motion was denied on September 29, 2003. However, this post-conviction proceeding concluded prior to the date Petitioner's conviction became final. Therefore, it did not extend the filing deadline for Petitioner's federal petition. Additionally, the record shows

---

[1] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* SUP. CT. R. 13.3.

Case No.: 3:05cv207/LAC/EMT

that Petitioner filed his second state post-conviction motion on May 5, 2005.  However, this postconviction motion did not toll the filing period because the filing period had already expired on December 4, 2004, one year after his conviction became final.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("Under 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Additionally, Petitioner does not assert he is entitled to equitable tolling of the limitations period.  Therefore, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss (Doc. 11) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (Doc. 5) be **DISMISSED** with prejudice as untimely.

At Pensacola this 1st day of February 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;  United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**